FILED
2023 Mar-10 PM 05:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA,**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ALLAN ARAYA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE** |
| | ) | **NUMBER: __________** |
| **THE LINCOLN NATIONAL** | ) | |
| **LIFE INSURANCE COMPANY** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Comes now the Plaintiff, Allan Araya, and hereby files his Complaint against The Lincoln National Life Insurance Company.

## PARTIES

1. The Plaintiff, Allan Araya ("Mr. Araya"), is an insured under Group Long Term Disability Plan for employees of Duke Energy Corporation identified as Group Insurance Policy GF3-850-288203-01 ("the Plan"), who has been improperly denied disability benefits under the Plan.

2. Defendant, The Lincoln National Life Insurance Company ("Lincoln"), is the Administrator of the Plan. Upon information and belief, Lincoln is a foreign corporation incorporated in the State of Indiana, which conducts business generally in the State of Alabama and specifically within this District.

**JURISDICTION AND VENUE**

3. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Plaintiff asserts claims for long term disability ("LTD") benefits, enforcement of ERISA rights and statutory violations of ERISA under 29 U.S.C. § 1132, specifically, Mr. Araya brings this action to recover benefits due to him pursuant to 29 U.S.C. §1132(a)(1)(B) and to enforce his rights under the Plan pursuant to 29 U.S.C. §1132(a)(3). This Court has subject matter jurisdiction under ERISA without respect to the amount in controversy or the citizenship of the parties. 29 U.S.C. §§ 1132(a), (e)(1) and (f) and 28 U.S.C. § 1131. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b).

**INTRODUCTION**

4. The Plaintiff in this case was subjected to improper claim handling procedures by Lincoln as it exploited the shortcomings of ERISA as it relates to claims for "welfare" benefits to avoid paying Mr. Araya's valid claim for disability benefits. The traditionally held purpose of the ERISA statute is "to promote the interest of employees and their beneficiaries in employee benefit Plans." *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 90 (1983). Mr. Araya, as an employee insured for disability, was supposed to be treated as a beneficiary by Lincoln as a statutory fiduciary. Instead, Lincoln has breached those duties and victimized Mr. Araya by

engaging in improper claim handling procedures. As described in more detail below, Lincoln has clearly engaged in bad faith claim handling and Mr. Araya, at minimum, is entitled to *de novo* review and all relief that ERISA provides.

## STATEMENT OF FACTS

5. Mr. Araya is an insured for benefits under the Plan. Lincoln is the administrator of the Plan. The Plan provides insureds, like Mr. Araya, LTD benefits and was in full force and effect at all times relevant to this Complaint.

6. At all relevant times, Mr. Araya was employed by Duke Energy Corporation and was a covered participant in the Plan, as defined in 29 U.S.C. § 1002(7) and under the terms and conditions of the Plan.

7. Mr. Araya, a man forty-one (41) years of age, worked at Duke Energy Corporation until his disabilities forced him to stop working on or about December 11, 2020.

8. Mr. Araya was employed by Duke Energy Corporation as a Customer Care Specialist. This position required Mr. Araya to handle billing inquiries, service orders, and trouble calls both during and outside a normal schedule; utilize various contact channels including telephone, email, websites, and mail to assist customers; matching customer needs with solutions or offerings; analyzing accounts in order to elaborate on utility charges, effects of weather conditions, general concepts in pricing utilities services, and the cost of operating various appliances; and practicing

all safety policies including hazard recognition and personal accountability.

9. Mr. Araya's medical disabilities include right patella fracture, bilateral knee pain, cervical spine sprain, right shoulder bicipital tendinitis, shoulder pain, and generalized anxiety disorder. The symptoms of his impairments and the side effects of the medications and treatments prescribed render Mr. Araya unable to perform his own occupation.

10. By letter dated July 29, 2021, Lincoln wrongfully denied Mr. Araya's LTD benefits, claiming that he did not meet the Plan's 180 day elimination period which concluded on June 12, 2021.

11. The Plan at issue, as governed by ERISA and relied upon to deny Mr. Araya's LTD benefits states, in part:

"**Disability**" or "**Disabled**" means:

i. that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and

ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.

12. Lincoln's denial of Mr. Araya's LTD benefits was based at least in part upon the paid reviews of Dr. Andrew Nava ("Dr. Nava") and Dr. Kim Foehl ("Dr.

Foehl").

13. Although Dr. Nava recorded MRI findings showing PCL tear, near-complete MCL tear, and comminuted posterior tibial plateau fracture, he ultimately concluded that Mr. Araya's primary diagnoses were merely left knee pain, right knee pain, and sprain of the posterior ligament of the right knee.

14. Dr. Nava noted a May 6, 2021 orthopedic surgery consultation which documented numerous objective symptoms such as antalgic gait, diminished right knee range of motion, and positive posterior drawer test, and which also deemed physical therapy necessary to address Mr. Araya's continued pain and limited mobility.

15. Despite the evidence of pain, weakness, and diminished mobility contained within this May 6, 2021 office note, Dr. Nava nevertheless concluded that Mr. Araya's medical conditions were not functionally impairing from April 30, 2021 onward.

16. Lincoln paid Dr. Nava One Thousand One Hundred Two Dollars and Fifty Cents ($1,102.50) for the opinion that Mr. Araya's disabilities did not restrict or limit his ability to work.

17. Dr. Foehl documented instances of anxiety worsening with environmental stressors, elevated GAD-7 scores, and increasing dosages of antianxiety medications within the medical records, but ultimately concluded that

Mr. Araya suffered no impairment from a psychiatric perspective.

18. Although neither Dr. Nava nor Dr. Foehl had treated Mr. Araya, spoke to Mr. Araya, or spoke with his treating physicians, these paid reviewers opined that Mr. Araya now had the functionality to return to his previous occupation.

19. Lincoln relied on the paid reviewers' opinions over those of Mr. Araya's treating providers, and by letter dated July 29, 2021 wrongfully denied Mr. Araya's LTD benefits.

20. In a letter dated July 29, 2021, Mr. Araya appealed the denial of his LTD benefits.

21. Despite providing proof of his disability both before the termination of benefits and throughout the appeals process, Lincoln refused to award Mr. Araya's LTD benefits and issued its final denial by letter dated February 11, 2022.

22. In the final denial letter dated February 11, 2022, Lincoln relied on the opinions of paid medical reviewers Dr. Moshe Lewis ("Dr. Lewis") and Dr. Elana Dlugach ("Dr. Dlugach").

23. Dr. Lewis disagreed with Dr. Nava's prior evaluation and acknowledged that Mr. Araya retained significant pain, limited mobility, and necessary restrictions and limitations; nevertheless, Dr. Lewis, whom has never seen nor treated Mr. Araya concluded that Mr. Araya was capable of returning to his own occupation.

24. Dr. Dlugach, whom has never seen nor treated Mr. Araya, noted a diagnosis of generalized anxiety disorder with a history of psychiatric medication management, but ultimately concluded that Mr. Araya suffered no psychiatric impairment and was able to perform full-time work.

25. Although neither Dr. Lewis nor Dr. Dlugach had treated Mr. Araya, spoke to Mr. Araya, or been able to speak with his treating physicians, these paid reviewers opined that Mr. Araya was capable of performing the tasks of his own occupation.

26. The paid reviewers utilized by Lincoln focused on Mr. Araya's physical functionality and failed to consider Mr. Araya's non-exertional limitations, such as time off-task or excess absences.

27. Lincoln paid Dr. Lewis One Thousand Nine Hundred Ninety-Five Dollars ($1,995.00) for the opinion that Mr. Araya's disabilities did not restrict or limit his ability to work in his previous occupation.

28. Lincoln paid Dr. Dlugach One Thousand Seven Hundred Thirty-Two Dollars and Fifty Cents ($1,732.50) for the opinion that Mr. Araya's disabilities did not restrict or limit his ability to work in his previous occupation.

29. Dr. Lewis conducted addendum reviews on December 13, 2021, January 18, 2022, and February 8, 2022, in which he upheld minimal restrictions and limitations.

30. Dr. Dlugach performed addendum reviews on January 20, 2022 and Febraury 8, 2022, in which she maintained that her prior opinion remained unchanged.

31. Lincoln relied upon the opinions of its paid reviewers in order to uphold its denial of Mr. Araya's benefits, and informed Mr. Araya in its February 11, 2022 denial letter that he could "bring a civil action."

32. As of this date, Mr. Araya has been denied benefits rightfully owed to him under the Plan.

33. Mr. Araya has met and continues to meet the Plan's definition of disabled.

34. Mr. Araya has exhausted any applicable administrative review procedures and his claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

35. Lincoln's refusal to pay benefits has caused tremendous financial hardship on Mr. Araya.

## STANDARD OF REVIEW

36. A denial of benefits challenged under 29 U.S.C. § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit Plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the Plan.

37. When discretionary authority is clearly granted and the insurer of an

ERISA plan also acts as a claims administrator, there is a structural or inherent conflict of interest that mandates a heightened arbitrary and capricious standard of review.

38. Upon information and belief, the Plan does not grant discretionary authority to determine eligibility for benefits to Lincoln or to any other entity who may have adjudicated Mr. Araya's claim. Therefore, the Court should review Mr. Araya's claim for benefits under a *de novo* standard.

39. Upon information and belief, Lincoln evaluated and paid all claims under the LTD Plan at issue, creating an inherent conflict of interest.

40. Lincoln failed to comply with the letter of the claims procedures outlined in ERISA and therefore Mr. Araya's claim for benefits should be reviewed by this Court under a *de novo* standard.

41. In the alternative, if the Court finds that Lincoln is entitled to the heightened arbitrary and capricious standard of review, the termination of Plaintiff's benefits constitutes a clear abuse of discretion as Lincoln's decision to deny Mr. Araya's LTD benefits was arbitrary and capricious.

**<u>DEFENDANT'S WRONGFUL AND UNREASONABLE CONDUCT</u>**

42. Lincoln has wrongfully denied LTD benefits to Mr. Araya, in violation of the policy provisions and ERISA, for the following reasons:

(a) Mr. Araya is totally disabled, in that he is prevented from perform the

material and substantial duties of his own occupation;

(b) Mr. Araya is entitled to disability benefits under the terms of the Plan, as he meets the Plan's definition of disability and he has otherwise met the conditions precedent of the Plan for coverage and entitlement to benefits;

(c) Lincoln failed to accord proper weight to the evidence in the administrative record showing that Mr. Araya is totally disabled;

(d) Lincoln's interpretation of the definition of disability contained in the Plan is contrary to plain language of the Plan, unreasonable, arbitrary, capricious, and otherwise violated the standards required by ERISA;

(e) Lincoln wrongfully denied Mr. Araya a full, fair and impartial review of his benefits claim pursuant to 29 C.F.R § 2560.503-1(h)(1), by ignoring the overwhelming weight and credibility of evidence submitted and instead behaved as an adversary, looking instead for less credible evidence of marginal significance to support its goal of denying his benefits claim;

(f) Lincoln failed to give proper weight to Mr. Araya's own accounts regarding the debilitating effects of his pain;

(g) Lincoln ignored the records and opinions of Mr. Araya's treating physicians which show that Mr. Araya is totally disabled, and instead

based its decision to deny benefits on its internal review by Lincoln staff members and its paid reviewers, who had never seen or treated Mr. Araya, some of which never spoke with his treating physicians about the nature of his disability, and who were not as qualified as Mr. Araya's treating physicians to formulate opinions regarding the nature and extent of his disability;

(h) Lincoln failed to exercise reasonable flexibility in its claims review process to assure Mr. Araya a full, fair review, well-reasoned, and principled of his claim;

(i) Lincoln administered Mr. Araya's claim for LTD benefits while acting under an inherent and substantial conflict of interest in that Lincoln served both as fiduciary of and funding source for the Plan, and placed its own pecuniary interests above Mr. Araya's interests in wrongfully terminating his LTD benefits and failing to administer the Plan as an impartial decision-maker, free of such conflict of interest, would;

(j) Lincoln made erroneous interpretations of some evidence in violation of its obligation to discharge its duties with care, prudence, skill, and diligence;

(k) Lincoln acted in bad faith by denying Mr. Araya's claim based upon the inability of Lincoln's paid reviewers to find Mr. Araya disabled,

and otherwise failed to administer the Plan honestly, fairly and in good faith, and to at all times act in Mr. Araya's best interests;

(l) Lincoln denied Mr. Araya's benefits without the support of any new information that altered in some significant way the previous decision to pay STD benefits to Mr. Araya through April 30, 2021;

(m) Lincoln terminated Mr. Araya's benefits without the support of any new information that showed improvement in Mr. Araya's medical condition, when in fact, his treating physicians opined that his condition remained severe;

(n) Lincoln failed to support the termination of benefits with substantial evidence;

(o) Lincoln imposed a standard not required by the Plan's provisions by requiring objective evidence of Mr. Araya's subjective medical conditions where such evidence cannot be reasonably provided;

(p) Lincoln denied Mr. Araya's claim for a lack of objective medical evidence when Mr. Araya has provided ample subjective evidence of a disability and Lincoln has neither identified any objective evidence that Mr. Araya could have supplied to support the claim and has not had Mr. Araya undergo an independent medical examination or a similar in-person probative procedure to test the validity of his complaints;

(q) Lincoln failed to consider Mr. Araya's non-exertional limitations caused by his disability, such as the side effects of his prescribed medication, his ability to regularly attend work, and the effect his disability has on his concentration, persistence and pace when performing the material duties of his occupation;

(r) Lincoln's termination of Mr. Araya's LTD benefits failed to give a detailed explanation and the basis of its disagreement with the opinions of Mr. Araya's treating physicians;

(s) Lincoln wrongfully denied Mr. Araya's LTD benefits in such other ways to be shown through discovery and/or hearing.

43. As a result of the foregoing, the relief to which Mr. Araya is entitled includes: (1) monthly LTD income benefits to Mr. Araya, (2) payment of back benefits from June 13, 2021 to the date of judgment, (3) pre-judgment interest, (4) equitable relief, including declaratory and injunctive relief, to redress Reliance's practices that are violative of the Plan and ERISA, and to enforce the terms of the Plan and ERISA, and (5) an award of attorney's fees and costs pursuant to 29 U.S.C. § 1132(g).

## CAUSES OF ACTION

### COUNT ONE
### ERISA (Claim for Benefits Owed Under Plan)

44. Plaintiff hereby incorporates by reference each and every fact as if it

was restated herein.

45. At all times relevant to this action, Mr. Araya was a participant of the Plan underwritten by Lincoln and issued to Duke Energy Corporation and was eligible to receive disability benefits under the Plan.

46. As more fully described above, the termination and refusal to pay Mr. Araya's benefits under the Plan for the period from at least on or about June 13, 2021 through the present constitutes a breach of Defendant's obligations under the Plan and ERISA. The decision to deny benefits to Mr. Araya constitutes an abuse of discretion as the decision was not reasonable and was not based on substantial evidence.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays the Court for the following:

1. A judgment ordering the applicable standard of review in this case is *de novo*;

2. A judgment ordering that by a preponderance of the evidence, the Defendant has breached its fiduciary duty to the Plaintiff by wrongfully denying his LTD benefits owed to him through the Plan;

3. In the alternative, if the Court determines that the applicable standard of review is the heightened arbitrary and capricious standard, the Court may take and review the records of Defendant and any other evidence that it deems necessary

to conduct an adequate arbitrary and capricious review and enter a judgment that Defendant's decision to wrongfully deny Plaintiff's LTD benefits was unreasonable, arbitrary and capricious, and unsupported by substantial evidence;

4. Declaratory and injunctive relief, finding that Defendant violated the terms of the Plan and Plaintiff's rights thereunder by terminating Mr. Araya's LTD benefits, that Mr. Araya is entitled to a continuation of future LTD benefits from Defendant pursuant to the Plan;

5. Declaratory and injunctive relief, finding that Defendant breached its fiduciary duties to Plaintiff, enjoining Defendant from further violations of its fiduciary duties, and directing Defendant to take all actions necessary to administer the Plan in accordance with the terms and provisions thereof and Defendant's fiduciary and other obligations arising under ERISA;

6. A judgment ordering Defendant to pay Mr. Araya's LTD benefits from June 13, 2021 through the date judgment is entered herein, together with pre-judgment interest on each and every such monthly payment through the date of judgment;

7. An award of attorney's fees and costs pursuant to 29 U.S.C. § 1132(g);

8. For such other and further relief as the Court deems just, fit and proper.

Respectfully submitted this the 10th day of March, 2023.

*/s/ Peter H. Burke*_______________
Peter H. Burke (ASB-1992-K74P)
phburke@crlegalteam.com
CR LEGAL TEAM, LLC
3535 Grandview Parkway, Suite 100
Birmingham, Alabama 35243
Phone: 205-747-1901
Fax: 877-718-9952
*Attorney for Plaintiff Allan Araya*

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT:**

The Lincoln National Life Insurance Company
c/o Legal Department
1300 S. Clinton St.
Fort Wayne, IN 4680